# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| T.V.S., *et al.*, | ) | CASE NO. 5:18-cv-1859 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| AKRON CITY SCHOOLS DISTRICT, | ) | |
| BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | (Resolves Doc. 143) |
| Defendants. | ) | |

Pending before the Court is a motion for summary judgment filed by Defendants Akron City School District Board of Education ("A.P.S."), Akron City School District, David W.  James, Philomena Vincente, Ann Wild, Cheryl Arnold, Holly DeLisi, and Patricia Derita. Plaintiffs T.V.S. and T.S. have opposed the motion. Upon review, Defendants' motion for summary judgment is GRANTED.

This action shares a general core set of facts shared amongst several other cases.[1] It involves the April 2017 activities of Defendant Christopher Hendon ("Hendon") at Leggett Community Learning Center ("Leggett") in Akron, Ohio.  Plaintiffs bring federal claims including a § 1983 claim under a substantive due process theory, an equal protection claim, a disability discrimination claim, and numerous state law claims.  During the pendency of this action, a colleague resolved summary judgment motions under nearly identical facts.  The plaintiffs in that matter appealed, and this Court withheld any ruling while that appeal remained pending. Following resolution of that appeal, the Court allow summary judgment briefing in this matter.

---

[1] These similar cases,  Case No. 5:18-cv-577and Case No. 5:18-cv-870, granted summary judgment in favor of Defendants and were affirmed on appeal by the Sixth Circuit.

Briefing has now been completed, and the Court has reviewed that briefing.  The Court has found that the legal holding of *M.J. v. Akron City School Dist. Bd. of Educ.*, 1 F.4th 436 (2021) is binding and applicable to all of the federal claims presented by Plaintiffs in this action.  While Hendon's interactions with T.V.S. may have slightly varied from his interactions with M.J., Plaintiffs have failed to identify any meaningful distinction that would take this matter outside the result compelled by the Sixth Circuit's decision.  Accordingly, Defendants' motion for summary judgment one each of Plaintiffs' federal claims is hereby GRANTED.

Having dismissed all claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, these claims are dismissed without prejudice and with leave to refile them in a state court of appropriate jurisdiction. 28 U.S.C. § 1367(c) (providing that a court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction"); *see Carneigie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims").

Further, in light of the foregoing, the Court, on its own motion, reconsiders its entries of default against Hendon and dismisses the claims against him in the same manner as it has dismissed the parallel claims against other defendants. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause"); *see, e.g., Hanming Feng v. Soy Sauce L.L.C.*, No. 15-CV-3058 (E.N.V.) (L.B.), 2017 WL 6561160 (E.D.N.Y. Dec. 11, 2017) (vacating entry of default against one party where court had dismissed all federal claims and declined to exercise supplemental jurisdiction over state claims).

As the Sixth Circuit noted: "The events that triggered this lawsuit are undoubtedly upsetting. And perhaps plaintiffs can look to state law to find some relief. But, for the reasons given, they cannot succeed on their federal claims." *M.J.*, 1 F.4th at 454.  The Court having ruled on all the federal claims and having declined to exercise its supplemental jurisdiction over the state claims, this matter is hereby DISMISSED.

IT IS SO ORDERED.


Date:  October 13, 2022                          */s/ John R. Adams*
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE